

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

LKG/AS
F. # 2020R00291

*271 Cadman Plaza East
Brooklyn, New York 11201*

September 9, 2020

<u>By Overnight Mail and ECF</u>

Gerald J. McMahon, Esq.
375 Greenwich Street
New York, NY 10013
Attorney for Christopher Chierchio

Kevin J. Keating, Esq.
666 Old Country Road, Suite 900
Garden City, New York 11530
Attorney for Francis Smookler

Telemachus P. Kasulis, Esq.
Morvillo Abramowitz Grand Iason & Anello P.C.
545 Fifth Avenue
New York, NY 10017
Attorney for Jason Kurland

Robert P. LaRusso
LaRusso Conway & Bartling LLP
300 Old Country Rd., Suite 341
Mineola, NY 11501
Attorney for Frangesco Russo

Re:   United States v. Chierchio, et al.
      <u>Docket No. 20-CR-306</u>

Dear Counsel:

Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government will continue to provide discovery on a rolling basis, and also requests reciprocal discovery from each defendant.

I.    <u>The Government's Discovery</u>

The discovery material is enclosed on the flash drive, and is Bates-Numbered DOJ-0000000001 – DOJ-0000033492. An index of the discovery material is attached as Attachment A. Also attached are indices of the records obtained via wiretaps of phones associated with Francis Smookler (DOJ-0000000001; Attachment B), Frangesco Russo (DOJ-0000000002; Attachment C), and Christopher Chierchio (DOJ-0000000003; Attachment D).

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling us to arrange a mutually convenient time.  The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and

705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion. The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

II.     Each Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendants allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendants possession, custody or control, and that any defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in a defendant's possession, custody or control, and that one of the defendants intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom a defendant intends to call at trial.

The government also requests that each defendant disclose prior statements of witnesses who will be called by any of the defendants to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that a defendant calling such a witness disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of a defendant's intention to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the particular defendant intends to rely in establishing the defense identified in any such notice.

III.    Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact us.

      Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                                                      Very truly yours,

                                                      SETH D. DUCHARME
                                                      Acting United States Attorney

                                By:    <u>/s/ Lindsay Gerdes</u>
                                                        Lindsay Gerdes
                                                        Andrey Spektor
                                                        Assistant U.S. Attorneys
                                                        (718) 254-6155/6475

Attachments
Enclosures

cc: Clerk of the Court (NGG) (by ECF) (without enclosures and attachments)