UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

CHRISTOPHER CHIERCHIO,
JASON KURLAND
      also known as "Jay,"
FRANGESCO RUSSO,
      also known as "Frankie," and
FRANCIS SMOOKLER,
      also known as "Frank,"

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

P R O T E C T I V E   O R D E R

Cr. No. 20-306 (NGG)

         IT IS HEREBY STIPULATED AND AGREED by and between the

undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal

Procedure 16(d), that:

         1.     The discovery material disclosed pursuant to Rule 16 of the Federal

Rules of Criminal Procedure to the defendants and the undersigned defense counsel

("defense counsel") by the government in the above-captioned case, which is specifically

identified by the government as material necessitating protection and produced pursuant to

this Protective Order (the "Protected Discovery Material"), and any and all copies, notes,

documents and other information derived or prepared from the Protected Discovery Material,

may be used by the defendants, defense counsel and defense staff (as that term is defined in

paragraph 2) only for purposes of defending against the charges in the above-captioned case,

1

including but not limited to preparation for trial and any sentencing, appeal or collateral attack involving the charges in the above-captioned case.

2.      Any and all Protected Discovery Material disclosed to the defendants and defense counsel by the government, shall not be further disclosed or disseminated by any defendant or defense counsel to, or with, any individuals, organizations or other entities, other than to non-lawyer personnel employed by defense counsel and subject to defense counsel's supervision, including but not limited to private investigators, analysts and potential experts ("defense staff"), provided such defense staff have been provided with a copy of this Protective Order and have signed Attachment A to this Protective Order, without further order of the Court.

3.      In addition to the restrictions detailed herein relating to the Protected Discovery Material, any Protected Discovery Material that discloses identifying information of potential witnesses in the above-captioned case (the "Protected Witness Discovery Material"), and is specifically identified by the government as Protected Witness Discovery Material, and any and all copies, notes, documents and other information derived or prepared from the Protected Witness Discovery Material (i) may not be disseminated beyond a given defendant, his defense counsel and defense staff; (ii) may not be copied by a given defendant, his defense counsel and defense staff except that defense counsel and defense staff may copy the Protected Witness Discovery Material provided that such material remains within the sole possession of defense counsel and defense staff at all times; and (iii)

2

may not be possessed or accessed by any defendant except when reviewing the Protected Witness Discovery Material in the presence of defense counsel or defense staff.

4.    In the event a given defendant, defense counsel and/or defense staff wishes to disclose any portion of the Protected Discovery Material to or with any individual to whom disclosure is not authorized by paragraph 3, or for a purpose not contemplated by paragraph 3, defense counsel must provide advance notice to and obtain consent from the government.   If the government does not consent, defense counsel must make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument as to the propriety of such disclosure.

5.    In the event a given defendant, defense counsel and/or defense staff wishes to attach any portion of the Protected Discovery Material to public filings made with the Court, defense counsel must provide advance notice to the government and make an application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

6.    Nothing in this Protective Order releases counsel for the government or defense counsel or defense staff from their obligations to comply with the "Free Press-Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

3

7.     Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

8.     If a given defendant obtains additional or substitute counsel beyond those listed in the signature page hereto, the undersigned defense counsel will not transfer any portion of the Protected Discovery Material, unless and until such additional or substitute counsel signs Attachment A of this Protective Order, and is provided a copy of the Protective Order.

9.     The defendants and defense counsel will return to the government and/or destroy the Protected Discovery Material and all copies thereof, whether in the possession of a defendant, defense counsel or defense staff, at the conclusion of trial if the defendant is acquitted on all counts, or, in the case of a conviction at trial or by guilty plea, upon completion of sentencing, appeal or collateral attack on the conviction made by the particular defendant in this case, if any.

10.     Any violation of this Protective Order, as determined by the Court, will require the immediate return to the government of the Protected Discovery Material and the

4

Protected Witness Discovery Material, and all copies thereof, and may also result in a finding

of contempt of Court.

Dated: Brooklyn, New York
     September 25 2020

                            SETH D. DuCHARME
                            United States Attorney
                            Eastern District of New York

               By:_____/s/_____
                          Lindsay K. Gerdes
                          Andrey Spektor
                          Assistant U.S. Attorneys

Gerald McMahon, Esq.
Counsel to CHRISTOPHER CHIERCHIO

Thomas Harvey, Esq.
Counsel to CHRISTOPHER CHIERCHIO

Telemachus Kasulis, Esq.
Counsel to JASON KURLAND

Dennis Dillon, Esq.
Counsel to JASON KURLAND

James Froccaro, Esq.
Counsel to FRANGESCO RUSSO

Kevin Keating, Esq.
Counsel to FRANCIS SMOOKLER

SO ORDERED.
/s/ Nicholas G. Garaufis
_____
THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

5

Attachment A to Protective Order
Regarding Discovery in 20-CR-306 (NGG) (E.D.N.Y.).

| Printed Name | Signature |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| LKG/AS | *271 Cadman Plaza East* |
| F#: 2020R00291 | *Brooklyn, New York 11201* |

September 24, 2020

<u>By ECF and Email</u>

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Chierchio, <u>et al.</u>
      <u>Criminal Docket No. 20-306 (NGG)</u>

Dear Judge Garaufis:

   With the consent of all parties on the above-captioned case, the government respectfully submits this letter to request that the Court enter the attached protective order to allow the government to produce additional discovery to the defendants.

            Respectfully submitted,

            SETH D. DuCHARME
            Acting United States Attorney

     By:      /s/
         Andrey Spektor
         Lindsay K. Gerdes
         Assistant U.S. Attorneys
         (718) 254-6475/6155

Encl.

cc: Defense Counsel of record (by ECF)
   Clerk of the Court (NGG) (by ECF)