

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*


February 17, 2022


**BY ECF AND ELECTRONIC MAIL**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    *United States v. Christopher Chierchio, et. al.*, **20 Cr. 306 (NGG)**

Dear Judge Garaufis:

      The government respectfully submits this letter pursuant to the Court's order at the February 10, 2022 status conference in this matter regarding defendant Jason Kurland's anticipated financial affidavit in support of his request for a <u>Monsanto</u> hearing. For the reasons set forth below, the government respectfully submits that, to the extent that the Court is inclined to further consider Kurland's motion for a <u>Monsanto</u> hearing, Kurland should be required to provide a copy of any financial affidavit in support of such motion to the government, to enable the government to assess and set forth its position regarding whether the affidavit is accurate and meets the legal standard articulated in <u>United States v. Bonventre</u>, 720 F.3d 126 (2d Cir. 2013), and related case law.

Background

      On September 27, 2021, Kurland filed pretrial motions requesting, among other relief, that the Court conduct a hearing pursuant to <u>United States v. Monsanto</u>, 924 F.2d 1186 (2d Cir. 1991), <u>abrogated in part by</u> <u>Kaley v. United States</u>, 571 U.S. 320 (2014), to confirm that probable cause exists for the government's seizure of approximately $248,000 from his capital account at Rivkin Radler LLP (the "Capital Account Funds"). (Dkt. No. 119). On November 24, 2021, the government filed a brief that opposed this motion on two grounds. (Dkt. No. 127 ("Gov't Br.")). First, the government argued that a <u>Monsanto</u> hearing is inappropriate because the Court previously entered a preliminary order of forfeiture (the "Preliminary Order") as to co-defendant Francis Smookler directing the forfeiture of the Capital Account Funds, among other assets.[1] As

---

[1] The Capital Account Funds were also the subject of a warrant issued by Magistrate Judge Bloom on October 2, 2020, which authorized seizure of the funds under both civil and criminal forfeiture authorities, codified at 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f), respectively. <u>See</u> Gov't Br. Exhibit B. In issuing the dual-purpose warrant, Judge Bloom made an express finding that probable cause existed to believe the Capital Account Funds were subject to forfeiture, based upon

explained in the government's brief, the Preliminary Order shifted any potential challenge to forfeiture of the Capital Account Funds from the question of forfeitability to the issue of ownership, a subject reserved exclusively for the ancillary proceeding, which has not yet commenced in this case. (*See* Gov't Br. 60-61 (citing, among other authority, United States v. Watts, 477 F. App'x 816, 817 (2d Cir. 2012) (summary order))). Second, the government argued that Kurland had failed to make the required showing under Bonventre that the Capital Account Funds are needed to pay for counsel. (Gov't Br. 61-62).

On January 4, 2022, following the filing of Kurland's reply brief (Dkt. No. 134), the Court heard oral argument on the motions, including Kurland's motion for a Monsanto hearing. On February 1, 2022, the Court issued a docket order denying Kurland's motion for a Monsanto hearing without prejudice, and noting that, "[i]n the event Defendant wishes to renew his motion, he is DIRECTED to submit, ex parte, an affidavit to the court further detailing his 'net worth, provid[ing] a comprehensive list of his assets, and explain[ing] how he has been paying his significant living expenses.'" (Dkt. Entry dated 02/01/22 (quoting Bonventre, 720 F.3d at 133)). At a status conference held on February 10, 2022, the Court permitted the government to submit a letter on the issue of whether Kurland should be permitted to submit the financial affidavit ex parte, and ordered that the government do so by February 17, 2022.

Discussion

As an initial matter, for the reasons set forth in its brief, the government respectfully submits that Kurland's Monsanto motion should be denied without further proceedings because the Capital Account Funds are included in the Preliminary Order, which means that any further challenges with respect to these funds must be reserved for the ancillary proceeding. See Watts, 477 F. App'x at 817 (dismissing defendant's appeal seeking release of funds to pay for trial counsel because the preliminary order of forfeiture entered after conviction of a co-defendant rendered the defendant's request for release of the funds moot; the defendant was "[o]f course, free to pursue his claims against the subject funds in a post-trial ancillary proceeding").

To the extent that the Court is inclined further consider Kurland's Monsanto motion, however, the government respectfully submits that Kurland should be required to serve a copy of any financial affidavit in support of his motion on the government. The government has identified no legal support for the propriety of an ex parte submission of an affidavit in support of a Monsanto hearing. On the contrary, in district court cases addressing Monsanto procedures in this Circuit, the affidavit submitted by the defendant was disclosed to the government. See United States v. Kolfage, 537 F. Supp. 3d 559 (S.D.N.Y. 2021); United States v. Dupree, 781 F. Supp. 2d 115, 142 (E.D.N.Y. 2011); United States v. Kam, No. 10-CR-875 RJD, 2011 WL 3039589, at *3-4 (E.D.N.Y. Mar. 18, 2011), report and recommendation adopted, No. 10 CR 875 RJD RLM, 2011 WL 3104379 (E.D.N.Y. July 20, 2011). Moreover, the government respectfully submits that allowing the affidavit to be submitted ex parte would be contrary to core principles of criminal jurisprudence. See United States v. Harris, 707 F.2d 653, 662 (2d Cir. 1983) ("[O]ur legal system is rooted in the idea that facts are best determined in adversary proceedings; secret, ex parte

---

an agent's affidavit explaining how the funds constituted or were derived from proceeds traceable to the fraud scheme for which Kurland stands charged. Id.

hearings are manifestly conceptually incompatible with our system of criminal jurisprudence[.]" (citation and internal quotation marks omitted)).  Indeed, in Bonventre itself, the Second Circuit publicly included details of the defendant's affidavits in support of a Monsanto hearing in the published decision.  See 720 F.3d at 132-33.

If the affidavit is filed ex parte, the government will be unable to assess and address whether the affidavit is accurate and meets the standard articulated by the Second Circuit in Bonventre.  See Bonventre, 720 F.3d at 131 (holding that a defendant seeking a Monsanto hearing must "demonstrate that he or she does not have sufficient alternative assets to fund counsel of choice," and that "[t]his requires more than a mere recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice").  Specifically, to satisfy the Bonventre standard, Kurland must disclose all of his assets, liabilities, sources of income, and expenses, and explain how he has been paying his living expenses and funding his legal defense in this case for the past 1.5 years.  See 720 F.3d at 133 ("Bonventre did not disclose his net worth, provide a comprehensive list of his assets, or explain how he has been paying his significant living expenses.").  The government should be afforded the opportunity to review Kurland's financial affidavit, assess its accuracy and sufficiency under the Bonventre standard, and set forth its position for the Court's consideration.  Under Kurland's proposed approach, the Court would be required to consider Kurland's financial affidavit in camera, without the benefit of the government's position as to its accuracy or sufficiency, and further issue any ruling on these issues without disclosing any specific facts from Kurland's affidavit, even to the government.

Further, any potential concern that ordering Kurland to provide a copy of his financial affidavit to the government may implicate his Fifth Amendment privilege against self-incrimination is adequately addressed by directing the government not to use the financial affidavit in its case-in-chief at trial, which the government agrees not to do.  This approach has been endorsed by other district courts in this Circuit.  For example, in Kolfage, the defendant requested that "he be permitted to submit the financial affidavit ex parte, or, if the Court declines to permit that, to preclude the government from being able to use, directly or derivatively, any statements in the affidavit against him."  537 F. Supp. 3d at 567 (internal quotation marks omitted).  The defendant argued that "the Government may attempt to use such statements as proof of guilt, and permitting the Government to do so would put Kolfage in the untenable position of choosing between his Sixth Amendment right to counsel, and his Fifth Amendment right to not self-incriminate."  Id.  Drawing on precedent in the analogous context of CJA affidavits, the court denied the defendant's request to file the affidavit ex parte and instead directed that "the Government shall not be permitted to use in its direct case information contained in Kolfage's affidavit that is not otherwise available."  Id. at 568; see also id. at 567 ("[C]ourts in this circuit have almost uniformly denied requests to file a CJA affidavit ex parte, including where the defendants were charged with fraud."); United States v. Dupree et al., 10 Cr. 627 (KAM-VVP) (E.D.N.Y.), Dkt. Entry dated 02/22/11 (granting the government's request to submit a sealed letter in response to a defendant's financial statement in support of his request for a Monsanto hearing, and "limit[ing] the government's use of [the defendant's] financial statement to adjudication of his Monsanto motion"); cf. United States v. Avenatti, No. 19-CR-374-1 (JMF), 2021 WL 3168145, at *5-12 (S.D.N.Y. July 27, 2021) (ordering that the defendant's CJA affidavits, with appropriate limited redactions, be filed on the public docket in light of the public's rights, under both the First

Amendment and the common law, to access affidavits; finding that the defendant is "adequately protected by the rule that his statements cannot be used against him in the Government's case-in-chief," id. at *12).

Conclusion

The government respectfully submits that, for the reasons set forth in its opposition brief, Kurland's motion for a Monsanto hearing should be denied without any further proceedings, because the Capital Account Funds are the subject of a preliminary order of forfeiture issued by this Court.  However, to the extent that the Court is inclined to further consider Kurland's motion, Kurland should be required to serve a copy of any financial affidavit in support of his motion on the government.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:        _/s/_____
Olga I. Zverovich
Special Attorney Acting Under Authority
Conferred by 28 U.S.C. § 515

Lauren Howard Elbert
Assistant United States Attorney
Eastern District of New York

cc:     Counsel of record (via ECF)