# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

tkasulis@maglaw.com
(212) 880-9555

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

July 19, 2022

**By ECF**

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    United States v. Jason Kurland,
                  20 Cr. 306 (NGG) (E.D.N.Y.)

Dear Judge Garaufis,

      We write to request that a defense witness for Mr. Kurland be allowed to testify remotely via videoconference in this case. The witness ████████████████████████████████████████ will not be available to testify unless he may do so via videoconference. The government opposes this request.

    A.   <u>Witness-1</u>

      Witness-1, whose identity is known to the government, ████████████████



      Witness-1 would testify that he knew that Mr. Kurland was an owner of Cheddar Capital when he made his investment. Pursuant to the Court's order on the parties' motion in limine on this topic, Witness-1 has probative exculpatory testimony that has been ruled admissible by the

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Nicholas G. Garaufis
July 19, 2022
Page 2

Court and will otherwise be unavailable to Mr. Kurland if he cannot testify remotely.

### B. Discussion

The standard governing when a defense witness may testify remotely at trial through video conference technology is not definitively established in this Circuit. The Second Circuit in *United States v. Gigante*, 166 F.3d 75 (2d Cir.1999) upheld the district court's decision to permit a *government* witness to testify via two-way video conference, notwithstanding the defendant's Confrontation Clause rights. The Court framed its analysis by reference to Federal Rule of Criminal Procedure 15, which provides that a prospective witness may be deposed in order to preserve testimony for trial "in exceptional circumstances and in the interest of justice." It is "well-settled that the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness' testimony is material to the case and if the witness is unavailable to appear at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir.1984). Unavailability is defined by reference to Rule 804(a) of the Federal Rules of Evidence, which includes situations in which a witness "is unable to be present or to testify at the hearing because of ... physical or mental illness or infirmity." Fed. R. Evid. 804(a)(4). In upholding the use of two-way video conference testimony, the *Gigante* court noted that the procedures used preserved the most vital characteristics of in-court testimony: "1) the giving of testimony under oath; 2) the opportunity for cross-examination; 3) the ability of the fact-finder to observe demeanor evidence; and 4) the reduced risk that a witness will wrongfully implicate an innocent defendant when testifying in his presence." *Id.* at 80.

Under the unavailability and exceptional circumstances elements, courts have consistently permitted remote testimony of even a government witness based on the witness's health concerns regarding the COVID-19 virus. For example, in *United States v. Avenatti*, Judge Furman granted the government's motion to permit remote, two-way video testimony of a government witness over defendant's objection, citing the witness' age, health troubles and the Omicron variant surge. 2022 WL 103494, at *2. The court held that the movant need not demonstrate that it would be impossible for the witness to testify; rather, it "suffices for the Government to show . . . that the witness is at increased risk of serious illness or death if she were to contract COVID-19." *Id.; see also United States v. Akhavan,* No. 20 Cr. 188 (JSR), 2021 WL 797806, at *8–9 (S.D.N.Y. Mar. 1, 2021) (permitting remote witness testimony where a witness of advanced age and serious comorbidities could not be present in court without subjecting himself and his family to a substantial risk of COVID-19); *United States v. Donziger*, No. 11-CV-691 (LAK), 2020 WL 5152162, at *2-3 (S.D.N.Y. Aug. 31, 2020) (allowing remote witness testimony on basis of age and risk of COVID exposure were he forced to travel to and remain in New York, observing that "there is no question that limiting the spread of COVID-19 and protecting at-risk individuals from exposure to the virus are critically important public policies").

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Nicholas G. Garaufis
July 19, 2022
Page 3

Given the absence of Confrontation Cause concerns, other courts have adopted a more lenient standard for permitting a *defense* witness to testify remotely. In *United States v. Guild*, No. 07 Cr. 404 (JCC), 2008 WL 191184, at *3 (E.D. Va. Jan. 17, 2008), the court held that "recognizing both the importance of live testimony in a criminal trial and the fact that the Confrontation Clause is not implicated by this testimony, the Court will use Federal Rule of Civil Procedure 43(a) as the threshold showing for the use of video testimony in this instance." Similarly, in *United States v. Smith*, No. 09 Cr. 100, 2010 WL 5211498, at *2 (W.D.N.C. Dec. 16, 2010), the court embraced Rule 43's "compelling circumstances" standard. Over the government's objection that the witness, who resided in Oklahoma, was not "unavailable" within the meaning of the rule, the Court permitted the remote testimony simply on the Defendants' showing that the witness "will lose approximately $20,000 per diem in income if he is forced to travel to North Carolina, [and showing the] significant expense his transportation will cost the taxpayers, an expense which will be completely avoided by live videoconferencing."

Two additional factors militate in favor of remote testimony here. First, the Court's Individual Rules set forth a sensitivity to protecting the health of the those in the courtroom and the larger courthouse community:

> All persons, including all members of the public, court personnel, counsel, parties, and all other individuals, except criminal defendants, must be fully vaccinated against COVID-19 before entering the courtroom for any in-person proceeding, including in-person status conferences, plea hearings, and sentencings. Counsel for criminal defendants are directed to advise the court at least seven days in advance of scheduled in-person proceedings as to the vaccination status of the defendants. Counsel are encouraged to advise unvaccinated defendants to receive full vaccination against COVID-19. All individuals intending to enter the courtroom are required to provide a physical or digital record of vaccination, if requested, to the Court Security Officer. Unvaccinated individuals may request to observe proceedings by video in an overflow room; such requests must be submitted at least 48 hours prior to scheduled proceedings.

Individual Rules of the Hon. Nicholas G. Garaufis (last updated March 7, 2022).

Second, there is a currently operative Administrative Order in the Eastern District that cites COVID as an ongoing concern and permits courts to conduct certain criminal proceedings by video or audio conference. Although the AO does not speak directly to trial testimony, it makes the following express finding:

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Nicholas G. Garaufis
July 19, 2022
Page 4

> The CDC and other public health authorities continue to advise taking precautions to reduce the possibility of exposure to COVID-19, particularly for those who are not fully vaccinated or are immunocompromised. . . . Based on these circumstances, among others, while in-person proceedings in this District have increased over the past several months, the Court still requires the flexibility to use videoconferencing and teleconferencing where necessary to ensure the safety of all who seek to come before the Court. As such, it is still necessary for the judges in this District to be able to continue to conduct proceedings remotely, by videoconference or teleconference.

EDNY Administrative Order No. 2022-11 (June 14, 2022).

Even under the *Gigante* standard, "exceptional circumstances" are present in this case. We are caught in another surge of the novel coronavirus ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Several District Courts in this Circuit have approved videoconference testimony in comparable circumstances. *Avenatti*, 2022 WL 103494, at *2; *Akhavan*, 2021 WL 797806, at *8–9; *Donziger*, 2020 WL 5152162, at *2-3.

We respectfully request that Witness-1's testimony be permitted to proceed via videoconference. As *Gigante* found, such an approach will allow 1) the giving of testimony under oath; 2) the opportunity for cross-examination; 3) the ability of the fact-finder to observe demeanor evidence; and 4) the reduced risk that a witness will wrongfully implicate an innocent defendant when testifying in his presence." 166 F.3d at 80.

Respectfully submitted,

/s/ Telemachus P. Kasulis
Telemachus P. Kasulis
A. Dennis Dillon

*Counsel for Jason Kurland*
