**PETER J. TOMAO, ESQ.**
600 OLD COUNTRY ROAD
SUITE 328
GARDEN CITY, NY 11530
TELEPHONE: (516) 877-7015
FAX: (516) 877-7016
EMAIL: ptomao@tomaolaw.com

September 1, 2022

Via Priority Mail Express

Honorable Nicholas G. Garaufis            SEALING REQUESTED
United States District Judge
Eastern District of New York
United States Courthouse
Room 1426 S
225 Cadman Plaza East
Brooklyn, NY 11201

                                                Re:   *United States v. Kurland, et al.*
                                                           Docket No. S1 20-CR-306 (NGG)

Dear Judge Garaufis:

       We represent Lottery Victim 3 ("Victim 3") and respectfully submit this letter motion asking the Court to order the redaction of three items from the trial transcript[1]. This request is consistent with the Order this Court entered pursuant to the Crime Victims' Rights Act, [Doc. No. 220], as well as the agreements among the parties to effectuate the Court's Order. We have conferred with counsel for Mr. Kurland and the Government and neither object to this request.

       At the outset it is important to state that the record of this trial continues to interest the media. After the verdict, there have been articles written. Indeed, the undersigned have continued to receive press inquiries as recently as two weeks ago. Accordingly, Victim 3 seeks the Court's assistance in the continued preservation of their anonymity.

<u>SUMMARY OF THE REDACTION REQUESTS</u>

       Victim 3 requests that the Court order redaction of testimony that occurred during "Beth Smith's" trial testimony regarding ███████████████████████████████████████████. In addition, Victim 3 requests that the Court order redaction ████████████████████████████████ testimony. The ███████████████████████████████████████████████████ related to Victim

---

[1] *See* Doc. No. 255 which indicates that "Redaction Request due 9/1/2022." This letter motion requests redactions in several volumes of the transcript.

3. The locations where the narrow and limited redactions are requested is provided in the table below, with proposed redactions in quotation marks.

▮▮▮▮▮

| Transcript Date | Witness/Location | Page and Line | Redaction |
|---|---|---|---|
| 07/19/2022 | B. Smith – Cross | ▮▮ | ▮▮▮▮ |
| 07/19/2022 | Word Index | ▮▮ | ▮▮▮▮ |

▮▮▮▮▮

| Transcript Date | Witness/Location | Page and Line | Redaction |
|---|---|---|---|
| 07/18/2022 | B. Smith – Direct | ▮▮ | ▮▮▮▮ |

▮▮▮▮▮▮▮

| Transcript Date | Witness/Location | Page and Line | Redaction |
|---|---|---|---|
| 07/14/2022 | ▮▮-Direct | ▮▮ | ▮▮▮▮ |
| 07/14/2022 | ▮▮-Direct | ▮▮ | ▮▮▮▮ |
| 07/14/2022 | Word Index | ▮▮ | ▮▮▮▮ |
| 07/14/2022 | Word Index | ▮▮ | ▮▮▮▮ |
| 07/18/2022 | ▮▮ - Cross | ▮▮ | ▮▮▮▮ |
| 07/18/2022 | ▮▮ - Cross | ▮▮ | ▮▮▮▮ |
| 07/18/2022 | Word Index | ▮▮ | ▮▮▮▮ |
| 07/18/2022 | Word Index | ▮▮ | ▮▮▮▮ |

### APPLICABLE LAW

A court considering whether to seal documents must make the following three-step inquiry regarding the common law right of access. First, determine whether the documents (transcripts) are judicial documents to which a presumption of access applies. Second, determine the applicable weight of the presumption that is applicable. Third, engage in a balancing of any countervailing factors against the presumption, including the privacy interests of non-parties. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *see also United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (stating that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (citation omitted).

"In addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access

certain judicial documents.'" *Lugosch*, 435 F.3d at 120 (citing *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). The Second Circuit has identified "two different approaches for determining whether the public and the press should receive First Amendment protection in their attempts to access certain judicial documents." *Id.* (citation omitted). The first approach, referred to as the "experience and logic" approach, "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* (citations omitted). "The second approach considers the extent to which the judicial documents are 'derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings.'" *Id.* (citations omitted).

As a victim in this case, the Court must also consider Victim 3's statutory privacy right found in the CVRA. 18 U.S.C. § 3771(a)(8).

I. The ▓▓▓▓▓ Redaction

Victim 3's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ be redacted from the transcript. Victim 3 has a strong privacy interest in their ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Amodeo*, 71 F.3d at 1050-51 (balancing weight of presumption of access against countervailing concerns, including heavily weighted financial records of a wholly owned business and family affairs); *see also United States v. Madoff*, 626 F. Supp. 2d 420, 427 (S.D.N.Y. 2009) (redacting identifying information of objecting victims and finding that the victim's privacy interests are significant based on the sentiments of the objecting victims and the Court's duty to the victims); *United States v. Belfort*, 2014 WL 2612508, *9-10 (E.D.N.Y. June 11, 2014). The ▓▓▓▓▓▓▓▓▓ victims was not relevant to the claims and defenses in the case. In fact, during the cross-examination of "Alex Wilson," the Court ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Accordingly, Victim 3's privacy concerns outweigh any presumption or right of the public and are entitled to protection by this Court. Further, redacting this limited information is reasonable and narrowly tailored. *See Press-Enterprise*, 464 U.S. at 513 (noting that "those parts of the transcript reasonably entitled to privacy could have been sealed").

II. The ▓▓▓▓▓▓▓▓ Redaction

The name of Victim 3's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Victim 3 has an ongoing relationship ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. As discussed above, ▓▓▓▓▓▓▓▓▓▓▓ and records of third parties have been traditionally viewed as private. Moreover, the identity of this ▓▓▓▓▓▓▓▓▓▓▓ was not relevant to the claims and defenses in the case. *See Amodeo*, 71 F.3d at 1049 (noting that the "weight to be given to the presumption of access must be governed by the role of the material at issue"). The Court recognized the potential threat to Victim 3 and reasonable measures were taken to limit the disclosure of information that could be used to identify Victim 3. The possibility that the information could be used in conjunction with other relevant information disclosed during the trial significantly outweighs any competing right to ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Accordingly, this portion of the transcript should be redacted.

### III. The ███ Redaction

Finally, we request that the Court order the redaction of ███ ███ identify Victim 3.

The Court recognized during trial that Victim 3's anonymity could be jeopardized if certain corporate entities were identified and issued an Order pursuant to the CVRA that protected Victim 3 in this regard. [Doc. No. 220, at 9]. The Court ordered the Government and Mr. Kurland to use certain initials in reference to a corporate entity—the GP entity. That corporate entity and the redaction of the same was discussed during the Court's pretrial conference on June 28, 2022.

Other corporate entities, which were not discussed at the pretrial conference, were the subjects of agreement between Victim 3 and the Government, and the spoken agreement of the defense. ███ It was agreed that this company would be referred to as "B.B." in testimony and that any exhibits relating to B.B. would also be redacted as such. The Government and defense referred to this entity at trial only as B.B. ███

B.B. is an entity ███. The transcript reference to it ███

We request the redaction of the words ███ A researcher[2] could locate the true name of B.B. with the benefit of knowing ███. ███ B.B. is identified, the researcher would ███.

Accordingly, the transcript in its current form creates a heightened risk that this entity could be identified, which could lead to a loss of anonymity. Given the Court's previously acknowledged privacy and safety concerns, the privacy interests Victim 3 have in protecting the information, and the ███ B.B. at trial, the references should be redacted from the transcripts and corresponding word indexes. *Amodeo*, 71 F.3d at 1050-51; *see also* 18 U.S.C. § 3771(a)(8).

---

[2] As the Court may recall, Mr. Smookler was cross-examined over his statement to a reporter that, "I'm not going to be talking about this and doing that for nothing, right. This story is something that's eventually going to have a big price tag on that." (Transcript, at 1204, ln. 13-16).

We are filing a redacted version of this letter-motion along with a motion to seal this unredacted version.

We thank the Court for its attention to this matter, and respectfully request the continued protection of Victim 3's anonymity.

Respectfully submitted,

/s *Peter J. Tomao*

Peter J. Tomao, Esq.
Burl F. Williams, Esq. (*pro hac vice*)

cc (via email): Counsel for United States
Counsel for Jason Kurland